# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2020

Lyle W. Cayce
Clerk

No. 19-60936
Summary Calendar

TIMOTHY ALLEN,

*Plaintiff—Appellee*,

*versus*

VAKSMAN LAW OFFICES, P.C.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC 2:19-CV-30

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.
PER CURIAM:*

Vaksman Law Offices, P.C. ("Vaksman"), appeals the denial of its Motion to Dismiss or Compel Arbitration in a case arising from its earlier representation of the appellee, Timothy Allen. Vaksman contends that the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

record establishes by a preponderance of the evidence that there is a valid arbitration agreement between the parties.

No finding to the contrary is present in the district court's order, though. Instead, the district court found only that Allen plausibly denied the existence of a valid arbitration agreement. There is no reason to doubt that the district court will, as Vaksman requests, hold "an evidentiary hearing and [make] a factual finding based on the preponderance of the evidence as to whether there exists a valid and binding arbitration agreement between the parties."

Vaksman would prefer that this court "REVERSE the judgment of the District Court . . . and REMAND with instructions to grant the motion to compel arbitration." Yet, Allen has raised an issue of fact, albeit slim, by unequivocally denying, in his (self-serving) affidavit, the formation of an arbitration agreement. *See, e.g., In re Yarn Processing Patent Validity Litig.*, 498 F.2d 271, 287 (5th Cir. 1974); *cf. Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 710 (5th Cir. 2002) (holding that certain self-serving affidavits—such as those only alleging incomplete understanding of, but not denying actual consent to, an agreement—may fail to create a fact issue). Fact issues must be addressed first in the district court.

The judgment of the district court is **AFFIRMED.**